UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| UNIVERSAL SEMICONDUCTOR, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> TUOI VO, et al., <br><br> Defendants. | Case No. 5:16-cv-04778-EJD <br><br> **ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION** <br><br> Re: Dkt. No. 56 |

Plaintiff Universal Semiconductor, Inc. ("USI") commenced two actions in Santa Clara County Superior Court against a series of defendants, including Tuoi Vo, Universal Semiconductor Technologies, Inc., Schaumbond Group, Inc. ("Schaumbond"), Saigon Semiconductor Technologies, Inc., Bao Hua Zheng, and Thi Phuong Nguyen and asserts several claims related to the transfer of patented proprietary technology from USI to Schaumbond. Another similar action was filed in state court against a like group of defendants by Vic Hejmadi who, it seems, is affiliated with USI. These three actions were eventually consolidated into one while still pending in state court, but were removed to this court after USI filed a fifth amended complaint containing a claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, et seq.

The consolidated action is now before the undersigned, and now pending within it is an ex parte application for a temporary restraining order ("TRO") and order to show cause re: preliminary injunction through which a collection of defendants[1] seek to enjoin USI from proceeding with yet another state court action against Schaumbond and Zheng which was filed

---

[1] As used in this order, "Defendants" refers to those who have joined in this application, which includes Universal Semiconductor Technologies, Inc., Schaumbond, Zheng, Vo, Kevin Zheng and Niko Teng.

1

Case No.: 5:16-cv-04778-EJD
ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

after removal of the instant action.  Dkt. No. 56.  Defendants represent that federal jurisdiction arises pursuant to 28 U.S.C. § 1331.[2]

This matter is suitable for decision without oral argument.  Civ. L. R. 7-1(b).  Having reviewed the relevant pleadings, the court finds, concludes and orders as follows:

1.  The standard for issuing a TRO is the same as that for the issuance of preliminary injunction.  See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2 (1977).  Thus, a TRO, like a preliminary injunction, is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  Winter v. NRDC, Inc., 555 U.S. 7, 22 (2008).

2.  To obtain a TRO, "the moving party 'must establish that: (1) it is likely to succeed on the merits; (2) it is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in its favor; and (4) an injunction is in the public interest.'"  Idaho v. Coeur D'Alene Tribe, 794 F.3d 1039, 1046 (9th Cir. 2015) (quoting Pom Wonderful LLC v. Hubbard, 775 F.3d 1118, 1124 (9th Cir. 2014)).  Alternatively, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest."  Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).  This articulation represents "one alternative on a continuum" under the "'sliding scale' approach to preliminary injunctions employed" by the Ninth Circuit.  Id. at 1131-32.

3.  Initially, an application like this one must also satisfy Federal Rule of Civil Procedure 65(b)(1) and Civil Local Rule 65-1(b), both of which impose certain procedural

---

[2] Plaintiff's motion to remand remains pending.  The court recognizes, however, that USI asserts at least one federal claim in the Fifth Amended Complaint and proceeds to address this application on that basis.  See Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

2

Case No.: 5:16-cv-04778-EJD
ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

prerequisites. Specifically, Federal Rule of Civil Procedure 65(b)(1)(B) requires the moving party cite "specific facts in an affidavit or a verified complaint" that "clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition" and certify "in writing any efforts made to give notice and the reasons why it should not be required." Similarly, Local Rule 65-1(b) mandates notice to the opposing party "on or before the day of an ex parte temporary restraining order."

4. Defendants have complied with the notice requirements of Rules 65(b)(1) and 65-1(b), to the extent their attorney has certified in writing his efforts to notify USI and Hejmadi on November 28, 2016. Decl. of Clark Anthony Braunstein ("Braunstein Decl."), Dkt. No. 56, at ¶¶ 4-5. However, the documents filed in support of Defendants' application satisfy neither Rule 65(b)(1)'s other requirement to "clearly show" an "immediate and irreparable" damage nor the related "irreparable harm" element necessary to obtain injunctive relief.

5. An adequate showing of irreparable harm is the "single most important prerequisite for the issuance of a [TRO]." Freedom Holdings, Inc. v. Spitzer, 408 F.3d 112, 114 (2d Cir. 2005). To successfully make that showing, the moving plaintiff must "demonstrate that irreparable injury is *likely* in the absence of an injunction." Winter, 555 U.S. at 22 (emphasis preserved). A TRO ordered on anything less is "inconsistent" with the "characterization of injunctive relief as an extraordinary remedy . . . ." Id.

6. In assessing Defendants' application, the court is mindful that their irreparable harm presentation must be "clear." Garcia v. Google, 786 F.3d 733, 746 (9th Cir. 2015). "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988). To that end, "[a] plaintiff must do more than merely allege imminent harm sufficient to establish standing; a plaintiff must demonstrate immediate threatened injury as a prerequisite to preliminary injunctive relief." Id. "Subjective apprehensions and unsupported predictions . . . are not sufficient to satisfy a plaintiff's burden of demonstrating an immediate threat of irreparable

3

Case No.: 5:16-cv-04778-EJD
ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

harm." Id. at 675-76.

7. Here, Defendants argue they are likely to suffer irreparable harm because "USI has already attempted to obtain a default judgment" against Schaumbond and Zheng in the new state action. This statement is unpersuasive for several reasons. First, Defendants mischaracterize their own evidence, which shows only that USI requested the state court clerk enter the defaults of Schaumbond and Zheng. Braunstein Decl., at Ex. E. Second, and in any event, the entry of default or default judgment against Schaumbond and Zheng would not constitute irreparable harm under these circumstances. Indeed, nothing in Defendants' application suggests that an entry of default is imminent, or that Schaumbond and Zheng would be unable to avail themselves of the statutory procedure for setting aside a default if one was entered. See Cal. Civ. Proc. Code § 473(b). Accordingly, Defendant's unadorned claim of harm from a default or default judgment is not irreparable and is entirely speculative.

8. Third, issuing a TRO on the basis of a potential default in the state court action would be inequitable. Zheng, who is the president of Schaumbond, states that he and his attorney have been aware of the new action since October 20, 2016. Decl. of Bao Hua Zheng, Dkt. No. 56, at ¶ 8. Zheng does not, however, describe what actions he took over the past month in response to this notification. This missing information is fatal, because the fact Zheng has delayed any effort to prevent a default against himself and Schaumbond weighs against temporary injunctive relief. See Lydo Enters., Inc. v. City of Las Vegas, 745 F.2d 1211, 1213 (9th Cir. 1984) ("A delay in seeking a preliminary injunction is a factor to be considered in weighing the propriety of relief.").

9. Defendant's other contentions concerning irreparable are similarly misplaced. They contend that Shaumbond and Zheng "will be forced to incur additional legal fees and costs litigating the same lawsuit in two separate forums," and will be required to "expend enormous amounts of time and money to oppose or respond in the State Action." But to the extent these statements are not too speculative to justify a TRO - which they are - it has been established that "litigation expense, even substantial and unrecoupable cost, does not constitute irreparable injury."

4
Case No.: 5:16-cv-04778-EJD
ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

1  Renegotiation Bd. v. Bannercraft Clothing Co., 415 U.S. 1, 24 (1974).  "Mere injuries, however

2  substantial, in terms of money, time and energy necessarily expended . . . are not enough" to

3  obtain a TRO.  L.A. Mem'l Coliseum Comm'n v. Nat'l Football League, 634 F.2d 1197, 1202

4  (9th Cir. 1980).

5        10.    Furthermore, Defendant's claim of prejudice in this action from potential

6  adjudications in the new state action fails because it is, again, too speculative to justify relief.

7  Moreover, this claim is belied by Defendants' own argument.  As Defendants themselves point

8  out, they may still move to intervene in the new state action to protect their interests, and have not

9  cited anything which prevents them from doing so.

10        Based on the foregoing, the court concludes that Defendants have not made a clear

11  showing of immediate irreparable injury.  As such, the court need not address the other factors

12  required to obtain injunctive relief because Defendant's are not entitled to the extraordinary

13  remedy they seek.  See Leiva-Perez v. Holder, 640 F.3d 962, 965 (9th Cir. 2011) (holding that

14  injunctive relief may not issue absent a "threshold showing regarding irreparable harm . . .

15  regardless of the petitioner's proof regarding the other [] factors"); see also Blackburn v. State

16  Dep't of Soc. & Health Servs., 472 Fed. Appx. 569, 570-71 (9th Cir. 2012).  Consequently, the ex

17  parte application for a TRO and order to show cause re: preliminary injunction (Dkt. No. 56) is

18  DENIED.

20  **IT IS SO ORDERED.**

21  Dated:  November 29, 2016



EDWARD J. DAVILA
United States District Judge

Case No.: 5:16-cv-04778-EJD
ORDER DENYING DEFENDANTS' EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION

5